AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

**NORTHERN** DISTRICT OF **CALIFORNIA**

UNITED STATES OF AMERICA

v.

GERALDO VALENCIA-GONZALEZ

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER:

<u>OAKLAND VENUE</u> **4 • 05 - 70364**

FILED
MAY 2 5 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **January 31, 2001** in **Alameda** county, in the **Northern** District of **California** defendant(s) did, (Track Statutory Language of Offense)

Please see Attachment "A" incorporated herein by reference.

in violation of Title **18** United States Code, Section(s) **751**

I further state that I am a(n) **Deputy U.S. Marshal** and that this complaint is based on the following facts:
Official Title

Please see Attached Affidavit of David S. Zanca

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Approved As To Form: _____
AUSA: JAMES E. KELLER

Name/Signature of Complainant: DAVID S. ZANCA

Sworn to before me and subscribed in my presence,

_May 25, 2005_ at San Francisco, California
Date                                                    City and State

ELIZABETH D. LAPORTE
Name & Title of Judicial Officer             Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

# ATTACHMENT A

**18 U.S.C. § 751: Escape**

Elements:

      The defendant, while in custody of the Attorney General of the United States, or his authorized representative (namely, the United States Bureau of Prisons), knowingly and voluntarily left and failed to return to the Cornell Corrections Institution, a designated facility of the United States Bureau of Prisons, without permission to do so.

Maximum Penalties:

      Five years imprisonment; $250,000 fine; 3 years supervised release; and $100 special assessment fee.

# AFFIDAVIT

I, David S. Zanca, first being duly sworn, depose and state that:

1. I have been employed with the United States Marshals Service ("USMS") since February 11, 2002. Prior to my current employment, I served in the United States Army for seven years as a Military Police Officer. I received a Bachelors Degree in General Studies from Louisiana Tech University. I am a graduate of the USMS Law Enforcement Training Academy and the Federal Law Enforcement Training Center in Glynco, Georgia.

2. This affidavit is submitted in support of a criminal complaint against Geraldo Valencia-Gonzalez ("Valencia-Gonzalez"), inmate registration no. 11457-112, charging that he knowingly and voluntarily left and failed to return to the custody of the Cornell Corrections Institution ("CCC") in Oakland, California, a designated facility of the United States Bureau of Prisons, on or about January 31, 2001, without permission to do so, in violation of 18 U.S.C. § 751 (Escape). The facts set forth in this affidavit are based upon information obtained from my investigation, including interviews with staff members at the CCC, and my review of pertinent documents supplied by the Bureau of Prisons as well as documents pertaining to Valencia-Gonzalez's court proceeding in the Northern District of Georgia.

3. On March 25, 1998, Valencia-Gonzalez was arrested for Use of Communication Facility in Committing Possession with the Intent to Distribute Methamphetamine. On December 22, 1998, in the Northern District of Georgia, Valencia-Gonzalez was convicted on count one, Title 21 USC 843(b): Use of Communication Facility in Committing Possession with the Intent to Distribute Methamphetamine. Upon his conviction, Valencia-Gonzalez was sentenced to the custody of the Attorney General of the United States, namely to the custody of the United States Bureau of Prisons ("Bureau of Prisons"), for a term of 48 months, with one year supervised release and a $100 special assessment.

4. On March 23, 1999, Valencia-Gonzalez was designated by the Bureau of Prisons to the Latuna Federal Correction Institution, Anthony, New Mexico-Texas.

5. On January 12, 2001, Valencia-Gonzalez was transferred from the Latuna Federal Correctional Institution, Anthony, New Mexico-Texas, to CCC in Oakland, California.

6. On January 31, 2001, the Office of U.S. Marshal of the Northern District of California, Oakland was notified of an escape of inmate (Valencia-Gonzalez, Geraldo REG # 11457-112) that occurred at the CCC in Oakland. At about 9:00 a.m. on January 31, 2001, Valencia-Gonzalez voluntarily signed out of the CCC to search for employment, on condition that he return at 5:00 pm the same day.

The CCC began Escape Procedures when Valencia-Gonzalez did not return to the facility at the designated time. Valencia-Gonzalez was officially placed on Escape status at 10:20 p.m. on January 31, 2001. Valencia-Gonzalez did not have permission to leave and not return to the CCC that day. Furthermore, Valencia-Gonzalez's projected release date was not until July 10, 2001.

7. At an *in absentia* disciplinary committee hearing conducted by Bureau of Prisons on February 2, 2001, Valencia-Gonzalez was found guilty of "Prohibited Act Code 200: Escape." At this hearing it was concluded that Valencia-Gonzalez could not be located, and Valencia-Gonzalez had not returned to the CCC.

8. The foregoing events at CCC involving Valencia-Gonzalez and his failure to return to CCC were further confirmed in my interview of CCC Program Director Howard Tu.

9. Based on the facts and information presented above, I have probable cause to believe that Valencia-Gonzalez is in violation of 18 U.S.C. § 751 (Escape). Accordingly, based upon the foregoing, I respectfully request an arrest warrant be issued for Gerardo Valencia-Gonzalez for violating 18 U.S.C. § 751 (Escape).

I swear under penalty of perjury that the above facts are true and correct to the best of my belief.

David S. Zanca
Deputy United States Marshal

Subscribed and sworn to before me on this 25 day of May, 2005, in San Francisco, California.

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE