## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**GERARDO GONZALEZ-VALENCIA,**<br><br>        Defendant. | **CRIMINAL NO. 16-CR-065 (BAH)** |

### DEFENDANT GERARDO GONZALEZ-VALENCIA'S
### MOTION FOR BILL OF PARTICULARS

NOW COMES, the Defendant, Gerardo Gonzalez-Valencia, by and through his attorneys, and respectfully moves this Honorable Court pursuant to Federal Rule of Criminal procedure Rule 7(f) to enter an order requiring the government to file a bill of particulars. In support of this Motion, Defendant Gerardo Gonzalez-Valencia offers the attached memorandum of law.

Dated: May 29, 2020

                                    Respectfully submitted,

                                    */s/ Stephen A. Best*

                                    **BROWN RUDNICK LLP**

                                    Stephen A. Best
                                    G. Derek Andreson
                                    601 Thirteenth Street, NW
                                    Suite 600
                                    Washington, DC 20005
                                    Telephone: (202) 536-1737
                                    Facsimile: (202) 536-1701
                                    sbest@brownrudnick.com

                                    -and-

**The L●S LAW FIRM**

Lilly Ann Sanchez (admitted *pro hac vice*)
Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 503-5503
Facsimile: (305) 503-6801
lsanchez@thelsfirm.com

*Counsel for Defendant Gerardo Gonzalez-Valencia*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically filed the foregoing Defendant Gerardo Gonzalez-Valencia's Motion for Bill of Particulars with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system. All participants registered through the Court's electronic filing system will be served by the CM/ECF system as required to be served by Federal Rule of Civil Procedure 5(a).

Dated: May 29, 2020

>	*/s/ Stephen A. Best*
>	Stephen A. Best
>	601 Thirteenth Street, NW
>	Suite 600
>	Washington, DC 20005
>	Telephone: (202) 536-1737
>	Facsimile: (202) 536-1701
>	sbest@brownrudnick.com
>
>	*Counsel for Defendant Gerardo Gonzalez-Valencia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GERARDO GONZALEZ-VALENCIA,<br><br>Defendant. | CRIMINAL NO. 16-CR-065 (BAH) |

**DEFENDANT GERARDO GONZALEZ-VALENCIA'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
<u>MOTION FOR BILL OF PARTICULARS</u>**

**PRELIMINARY STATEMENT**

The Court should require the government to file a bill of particulars specifying the particulars requested below because the Indictment against Defendant Gerardo Gonzalez-Valencia as written is not specific enough for Mr. Gonzalez-Valencia to prepare his defense.

As background, on April 19, 2016 the government filed an indictment charging Mr. Gonzalez-Valencia with aiding and abetting and conspiracy to distribute five kilograms or more of cocaine, and five hundred grams or more of methamphetamine for importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960, 963 and 18 U.S.C. § 2. The government also gave notice that, upon conviction of the Title 21 offense, it would seek forfeiture pursuant to 21 U.S.C. §§ 853, 970. Specifically, the Indictment states:

> [T]he controlled substances involved in the conspiracy attributable to [Mr. Gonzalez –Valencia] as a result of his own conduct, and the conduct of others reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, and five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine.

Indictment ¶ 2. The government alleges limited information regarding the conspiracy, stating only that it occurred "in or about January 2003… up to and including the date of the filing of this Indictment… in the countries of Mexico, the United States, and elsewhere." *Id.* ¶ 1.

Federal Rule of Criminal Procedure 7(f) provides the Court with discretion to order a bill of particulars. A bill of particulars can be issued "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

Accordingly, the Indictment is not specific enough for Mr. Gonzalez-Valencia to prepare his defense. The cursory allegations therein provide no detail regarding Mr. Valencia's participation or role in a conspiracy alleged to have spanned over thirteen years. Without more information, it is impossible for Mr. Gonzalez-Valencia to conduct a proper investigation into those thirteen years of his life and prepare a defense in time for trial. Thus, the Court should require the government to file a bill of particulars specifying the particulars requested below.

## ARGUMENT

Rule 7(f) of the Federal Rules of Criminal Procedure provides the Court with discretion to order a bill of particulars. A court should grant a motion requesting a bill of particulars "when necessary to prevent unfair surprise at trial." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (citation omitted).

While pleading requirements for narcotics conspiracies are less stringent, requiring no allegations of overt acts, "[a] bill of particulars is all the more important in a narcotics conspiracy case because the indictment itself provides so little detail." *Id.* at 30. If an Indictment leaves a defendant unsure of allegations of his role in the conspiracy, he is entitled to a bill of particulars

specifying his alleged "co-conspirators (whether or not they will be called as trial witnesses), the approximate dates and locations of any meetings or conversations not already identified in the indictment in which each defendant allegedly participated, and the approximate date on which each defendant allegedly joined the conspiracy." *See Id.* (defendants were entitled to a bill of particulars specifying details about the conspiracy because the indictment only charged them with criminal conduct relating to the last six days of the alleged conspiracy). While the government is not required to provide information regarding all overt acts taken in furtherance of the conspiracy it is "required to provide particulars as to all overt acts (or at least all meetings and conversations) in which any defendant participated so that each defendant may understand the government's view of his alleged role in the conspiracy." *Id.* Here, the expansive 13-year scope of the alleged conspiracy magnifies the need for a bill of particulars so that Mr. Gonzalez-Valencia can appropriately investigate the charges against him and build his defense. *See United States v. Michel*, No. CR 19-148-1 (CKK), 2019 WL 5797669, at *17 (D.D.C. Nov. 6, 2019) (defendant was entitled to a bill of particulars naming his co-conspirators because the three-year scope of the conspiracy led to the possibility of many co-conspirators and the Indictment did not provide enough information to allow the defendant to "easily determine the universe of possible co-conspirators"). Accordingly, Mr. Gonzalez-Valencia specifically requests information as to his involvement in the alleged conspiracy and identification of his co-conspirators and their involvement in the alleged conspiracy so that he can adequately prepare for trial. Absent this information, Mr. Gonzalez-Valencia cannot prepare a defense to these serious charges.

**PARTICULARS REQUESTED**

Mr. Gonzalez-Valencia respectfully requests that the government be directed to file a bill of particulars setting forth the following information:

1. Information sufficient to identify when, where, and in what manner Mr. Gonzalez-Valencia allegedly became a member of the charged conspiracy.

2. Information sufficient to identify Mr. Gonzalez-Valencia's unnamed co-conspirators, along with information sufficient to identify when, where, and in what manner each co-conspirator became a member of the alleged conspiracy.

3. Information sufficient to identify the exact amount of cocaine and methamphetamine Mr. Gonzalez-Valencia allegedly intended to distribute.

4. Information sufficient to identify Mr. Gonzalez-Valencia conspired to "knowingly and intentionally distribute" the drugs at issue. Indictment ¶ 1.

5. Information sufficient to identify alleged conduct by Mr. Gonzalez-Valencia's co-conspirators that was "reasonably foreseeable" to Mr. Gonzalez-Valencia. *Id.* ¶ 2.

6. Information sufficient to identify all places in which actions in furtherance of the alleged conspiracy, either by Mr. Gonzalez-Valencia or his alleged co-conspirators, took place.

## CONCLUSION

For all of the foregoing reasons, Defendant Gerardo Gonzalez-Valencia respectfully requests that the Court direct the government to file a bill of particulars setting forth the information described above.

[*Remainder of page intentionally left blank*]

Dated: May 29, 2020

        Respectfully submitted,

        */s/ Stephen A. Best*

        **BROWN RUDNICK LLP**

        Stephen A. Best
        G. Derek Andreson
        601 Thirteenth Street, NW
        Suite 600
        Washington, DC 20005
        Telephone: (202) 536-1737
        Facsimile: (202) 536-1701
        sbest@brownrudnick.com

        -and-

        **The L●S LAW FIRM**

        Lilly Ann Sanchez (admitted *pro hac vice*)
        Four Seasons Tower, Suite 1200
        1441 Brickell Avenue
        Miami, Florida 33131
        Telephone: (305) 503-5503
        Facsimile: (305) 503-6801
        lsanchez@thelsfirm.com

        *Counsel for Defendant Gerardo Gonzalez-Valencia*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I electronically filed the foregoing Defendant Gerardo Gonzalez-Valencia's Memorandum of Law in Support of His Motion for Bill of Particulars with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system. All participants registered through the Court's electronic filing system will be served by the CM/ECF system as required to be served by Federal Rule of Civil Procedure 5(a).

Dated: May 29, 2020

> */s/ Stephen A. Best*
> Stephen A. Best
> 601 Thirteenth Street, NW
> Suite 600
> Washington, DC 20005
> Telephone: (202) 536-1737
> Facsimile: (202) 536-1701
> sbest@brownrudnick.com
>
> *Counsel for Defendant Gerardo Gonzalez-Valencia*