**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.: 16-CR-065** |
| | ) | |
| **GERARDO GONZALEZ-VALENCIA,** | ) | |
| **also known as "Lalo," "Flaco,"** | ) | |
| **"Silver," "Silverio," "Eduardo," and** | ) | |
| **"Laline,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States respectfully submits this Opposition to Defendant Gerardo Gonzalez

Valencia's Motion for a Bill of Particulars [Docket No. 18] ("Motion" or "Mot."). As set forth

below, the Defendant is not entitled to a bill of particulars because the indictment and the

Government's discovery productions will provide more than sufficient information to adequately

apprise the Defendant of the nature of the charges and the evidence against him. Accordingly,

the Motion should be denied.

### I.     BACKGROUND

On April 19, 2016, a federal grand jury sitting in the District of Columbia returned an

indictment charging the Defendant with conspiracy to distribute five kilograms or more of a

mixture or substance containing a detectable amount of cocaine, and conspiracy to distribute five

hundred grams or more of a mixture or substance containing a detectable amount of

methamphetamine, knowing and intending that such substances would be unlawfully imported

into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 959(a), 963, and

960 and 18 U.S.C. § 2. *See* Docket No. 1 (the "Indictment"). The Indictment specifies that the

conspiracy ran from approximately 2003 through April 19, 2016, the date the Indictment was returned, and that the conspiracy occurred in Mexico, the United States, and elsewhere. *Id.* The Indictment also carries a criminal forfeiture allegation pursuant to 21 U.S.C. §§ 853 and 970. *Id.*

On May 19, 2020, the Government filed a Motion for Pre-trial Detention, which explained that the charges against the Defendant arise from his position as a high-ranking leader of Los Cuinis, a major Mexican drug trafficking organization ("DTO") closely aligned with another powerful Mexican DTO, the Cartel de Jalisco Nueva Generacion ("CJNG"). Docket No. 15 at 2–3, 6–7. The Motion for Pre-trial Detention also included a non-exhaustive list of the types of activities the Government alleges the Defendant's committed in furtherance of the conspiracy. *Id.* at 6–7.

Also, on May 19, 2020, the Government made a first discovery production consisting of over 3,500 pages of materials, including: intercepted electronic communications in which the Defendant discusses drug trafficking, documents authorizing the interception of the electronic communications, the Defendant's criminal history, identification documents, and other items. On June 9, 2020, the Government made a second discovery production including additional intercepted electronic communications of the Defendant's co-conspirators, evidence related to the seizure of a cocaine shipment attributable to the Defendant, letters written by the Defendant, surveillance photographs, and financial documents.

The Defendant's Motion seeks a bill of particulars providing information about: (1) when, where, and how the Defendant joined the conspiracy; (2) the identity of the Defendant's co-conspirators and when, where, and how they joined the conspiracy; (3) the exact amount of cocaine and methamphetamine attributable to the Defendant; (4) the Defendant's knowledge and intent; (5) co-conspirator conduct reasonably foreseeable to the Defendant; and (6) all locations

where actions in furtherance of the conspiracy took place. Mot. at 7.[1] The Defendant claims that

absent this information, he cannot adequately prepare a defense. *Id.* at 6.

## II. LEGAL STANDARD

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment need only

set forth a "plain, concise and definite written statement of the essential facts constituting the

offense charged[.]" An indictment must set forth the elements of the offense and adequately

inform the accused of the specific offense with which he is charged to shield him from future

jeopardy. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v.*

*United States*, 418 U.S. 87, 117–18 (1974)). And in a narcotics conspiracy, the government

"need neither allege nor prove the commission of an overt act." *United States v. Mejia*, 448 F.3d

436, 445 (D.C. Cir. 2006) (citing *United States v. Shabani*, 513 U.S. 10, 15 (1994)).

As this Court has explained in the context of another international narcotics conspiracy,

"[d]efendants are not entitled to a bill of particulars as a matter of right, and the Court need only

grant a defendant's request upon determining that a bill of particulars is necessary." *United*

*States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 146 (D.D.C. 2015) (citing Fed. R. Crim. P.

7(f)); *see also United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (explaining

that defendant has no right to bill of particulars; rather ultimate test is whether bill of particulars

is necessary). A bill of particulars is appropriate only where necessary to "'allow the defendant

to understand the charges, to prepare a defense, and perhaps also to be protected against retrial

on the same charges.'" *Id.* at 145 (quoting *Mejia*, 448 F.3d at 445); *see also United States v.*

*Edelin*, 128 F. Supp. 2d 23, 36 (D.D.C. 2001) (explaining that additional details in form of bill of

---

[1] Citations to page numbers in the Motion herein refer to the PDF page numbers.

particulars, pursuant to Rule 7(f), are not appropriate unless indictment is too vague to inform

defendant of nature of charges, to allow preparation of defense, to avoid unfair surprise, and to

allay double jeopardy concerns).

"[I]f the requested information is available in some other form," a bill of particulars is

not warranted.  *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  On that basis,

judges in this district have frequently denied requests for a bill of particulars where the

government's discovery had disclosed the information requested in a bill of particulars.  *See*

*United States v. Martinez*, 764 F. Supp. 2d 166, 173–74 (D.D.C. 2011) (denying motion for bill

of particulars because "ample discovery provided to defendant" was evidence that "the requested

information is available in another form") (internal citation omitted); *United States v. Gray*, 723

F. Supp. 2d 82, 86 (D.D.C. 2010) (denying motion for bill of particulars because "information

sought by defendant is available to him through the full discovery provided by the

government."); *Edelin*, 128 F. Supp. 2d at 37 ("The voluminous discovery already provided to

the defendants in this case more than compensates for the lack of a bill of particulars."); *United*

*States v. Cooper*, 91 F. Supp. 2d 79, 84 (D.D.C. 2000) (denying motion for bill of particulars

when indictment provided "each of the violations involved, the dates and times of those

violations, and the statutes violated" and the government had provided ample discovery); *United*

*States v. Mack*, 53 F. Supp. 3d 179, 190–91 (D.D.C. 2014) (denying motion for bill of particulars

after finding that indictment, government's reply brief, and discovery sufficiently detailed the

allegations).

Further, "[i]t is not the function of a bill of particulars to provide detailed disclosure of

the government's evidence in advance of trial."  *United States v. Brodie*, 326 F. Supp. 2d 83, 91

(D.D.C. 2004) (citations omitted).  A bill of particulars "properly includes clarification of the

indictment, not the government's proof of its case." *United States v. Savoy*, 889 F. Supp. 2d 78, 114 (D.D.C. 2012) (citations omitted); *see also Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (explaining that the role of a bill of particulars is "not to provide the defendant with the fruit of the government's investigation") (citations omitted).

Accordingly, judges in this district have routinely denied motions for bills of particulars in narcotics conspiracy cases when the indictment is sufficiently specific and the Government has provided extensive information to the defense in the form of discovery or other documents. For example, in *Mejia*, the defendants were charged in a single-count indictment with cocaine importation conspiracy in violation of 21 U.S.C. §§ 959, 963 and 960. 448 F.3d at 439. The D.C. Circuit found that a bill of particulars was not warranted because, *inter alia*, the indictment "identifie[d] what the object of the conspiracy is as is required by 21 U.S.C. § 963, provide[d] a time period of the conspiracy, identifie[d] the statutes that the object of the conspiracy violated[,] ha[d] an identification of the proper mens rea required under Section 963, [and] identifie[d] at least five countries where the conspirators acted." *Id.* at 445 (alterations in the original omitted); *see also United States, v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 175 (D.D.C. 2015) (denying motion for bill of particulars where indictment charging conspiracy to import cocaine into the United States stated statutes defendant allegedly violated, corresponding *mens rea* requirements, dates of conspiracy, object of conspiracy, and multiple countries in which conspiracy took place); *Martinez*, 764 F. Supp. 2d at 173–74 (denying motion for bill of particulars in narcotics distribution conspiracy case because indictment "allege[d] the essential facts, charge[d] the required elements, and bar[red] a second prosecution for the same offense.").[2]

---

[2] When courts have granted such motions, it is typically because multiple defendants charged in the same conspiracy require the additional information to prepare their defenses. *See, e.g., United*

III.    ANALYSIS

The Court should deny the Defendant's request for a bill of particulars because the

Indictment is sufficiently specific and the Defendant will have adequate information to prepare

for his defense from the Indictment and the discovery that the Government has produced and will

continue to produce.

1.   The Indictment is Sufficiently Specific

Contrary to the Defendant's claim, the Indictment easily satisfies the Rule 7(c)(1)

standard of a "plain, concise and definite written statement of the essential facts constituting the

offense charged[.]"  Specifically, the Defendant is charged with knowingly and intentionally

conspiring to distribute specific threshold quantities of cocaine and methamphetamine in

Mexico, the United States, and other countries between approximately 2003 and April 2016,

when the Indictment was filed, knowing and intending that the drugs would be unlawfully

imported into the United States, in violation of 21 U.S.C. §§ 959, 963 and 960.  Like the

indictment in *Mejia*, the Indictment in the instant case states the statutes violated and the

applicable *mens rea* requirement for each, the dates of the Defendant's involvement in the

conspiracy, the object of the conspiracy, and multiple countries in which the conspiracy took

place.  448 F.3d at 455.  Thus, the Defendant is adequately apprised of the charges against him

and can prepare a defense.  *See id.*; *see also United States v. Bourdet*, 477 F. Supp. 2d 164, 184

(D.D.C. 2007) (denying motion for bill of particulars in conspiracy case where indictment was

---

*States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (finding that bill of particulars was
necessary in narcotics conspiracy case where multiple defendants were charged in the same
conspiracy over different time periods); *cf. United States v. Bazezew*, 783 F. Supp. 2d 160, 168–
69 (D.D.C. 2011) (finding that bill of particulars was necessary in bribery conspiracy case where
the indictment alleged only one overt act for each of sixteen defendants).

"relatively spare" but "nonetheless sufficient to enable the defendants to understand the charges against them and prepare a defense.").

The Defendant's requests for specific items in a bill of particulars are similar to the requests denied by the court in *Lorenzana-Cordon*. The defendants in *Lorenzana-Cordon* were charged with "'knowingly and intentionally' conspiring to manufacture and distribute cocaine in 'the Republic of Colombia, El Salvador, Guatemala, Mexico, and elsewhere,' from approximately March 1996 to April 2009, the filing date of the Indictment, knowing that the drugs would be unlawfully imported into the United States." 130 F. Supp. 3d at 174. The court held that the defendants were not entitled to the disclosure of co-conspirator identities in a bill of particulars, noting that "[w]hen there is a legitimate basis for concern about the safety of coconspirators, and disclosure of their identities could seriously impede the government's investigation, a court should decline a motion for a bill of particulars requesting that their identities be disclosed." *Id.* at 176 (citation and quotation omitted). The court denied the defendants' request for additional *mens rea* information in a bill of particulars, explaining that under *Mejia*, "the indictment in a drug conspiracy case need only allege the 'proper *mens rea*' requirements," which is, as applicable here, "knowing and intending" that the controlled substances would be imported into the United States. *Id.* at 176–77 (citing *Mejia*, 448 F.3d at 445). The court also rejected the defendants' claimed need for additional information about when and where defendant Lorenzana-Cordon joined the conspiracy and which locations were included in the term "elsewhere" as used in the Indictment. *Id.* at 177–78. In denying these requests, the court explained that *Ramirez*, the primary case upon which the Defendant relies in the instant Motion, was inapplicable because *Ramirez* is the exception, not the rule, in the D.C. Circuit. *Id.* at 177 (citing *Ramirez*, 54 F. Supp. 2d 25) (explaining that *Ramirez* involved

7

significant evidentiary questions whether certain defendants, who were charged with conduct only occurring within last six days of alleged conspiracy, had even joined conspiracy at all).  The court rejected the defendants' request for the Government to identify the specific amount of drugs attributable to Lorenzana-Cordon, finding that "[s]uch information is beyond the scope of a bill of particulars," and the indictment's inclusion of the type of drug at issue and threshold amount was sufficient.  *Id.* at 178–79.  The court also denied the defendants' multiple requests for information regarding overt acts because an overt act is not an element of the offense in a narcotics conspiracy.  *Id.* at 178 (citations omitted).

For the same reasons identified in *Lorenzana-Cordon*, the Defendant is not entitled to the information he seeks in the form of a bill of particulars.  Although the Defendant's Motion is careful not to include the term "overt act" in any of its specific requests, the Defendant's fifth request for information about the "alleged conduct" by co-conspirators "reasonably foreseeable" to the Defendant is, in essence, a request for information about overt acts allegedly attributable to the Defendant.  For the same reasons the requests for overt act information in *Lorenzana-Cordon* were improper, so too is the Defendant's request for reasonably foreseeable conduct.

The Defendant relies on *United States v. Michel*, No. CR 19-148-1 (CKK), 2019 WL 5797669, at *1 (D.D.C. Nov. 6, 2019), for the proposition that the "scope of the alleged conspiracy magnifies the need for a bill of particulars."  Mot. at 6.  Although the court in *Michel* ordered the Government to disclose the identities of co-conspirators that would be identified at trial, *Michel* is wholly distinguishable, as it involved offenses related to campaign finance violations.  *See Michel*, 2019 WL 5797669 at *1.  Concerns about co-conspirator safety are naturally much greater in the instant matter, which involves an expansive, violent international drug cartel.  *Cf. United States v. Apodaca*, 275 F. Supp. 3d 123, 139 (D.D.C. 2017)

(acknowledging significant safety concerns for cooperating witnesses and their families in case involving violent drug cartel).  And in any event, the identities of many of the Defendant's co-conspirators will be readily apparent from discovery, either because they communicated with the Defendant or with each other in intercepted communications, are identified in government reports, or are otherwise disclosed in the documents provided.  Moreover, the court in *Michel* only granted the defendant's request in part, requiring the Government to disclose the identities of co-conspirators who would be identified at trial but rejecting the assertion – identical to the one made in the Defendant's Motion – that the Government must identify all possible unindicted co-conspirators.  *Id.* at *18.

## 2.   The Requested Information is Available in Some Other Form

The Court should also find that a bill of particulars is not warranted because, to the extent the information is necessary for the Defendant to adequately prepare a defense, "the requested information is available in some other form."  *Butler*, 822 F.2d at 1193.  The Government's Motion for Pre-trial Detention informed the Defendant that the charges arise from his role as a leader of Los Cuinis and the types of conduct the Defendant committed as part of the conspiracy. At this preliminary stage of the proceedings, the Government has produced over 3,500 pages of materials in its initial discovery production and has produced thousands more pages of discovery in its second production.  The Government's first two discovery productions include, *inter alia*, intercepted communications in which the Defendant reveals his involvement in drug transactions, communications of the Defendant's co-conspirators about the Defendant's involvement in drug trafficking and money laundering, evidence of a cocaine seizure that the Defendant helped coordinate and in which he invested, financial documents, and surveillance photos.  Furthermore, the Government anticipates the production of additional Rule 16 discovery

9

and will provide 18 U.S.C. § 3500 material and the identities of its testifying witnesses before

trial.  Together, the Indictment and the discovery materials produced to the Defendant will be

more than sufficient to allow him to adequately prepare his defense.

## IV.    CONCLUSION

To the foregoing reasons, the United States respectfully requests that the Court deny the

Defendant's Motion.


Respectfully submitted this 12th day of June, 2020.


MARLON COBAR, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By:     ___/s/_____
Kaitlin Sahni, Trial Attorney
Brett Reynolds, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
Kaitlin.Sahni@usdoj.gov
(202) 514-0917

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the

Defendant, this 12th day of June, 2020.


By:        /s/
           Kaitlin Sahni
           Trial Attorney
           Narcotic and Dangerous Drug Section
           Criminal Division
           U.S. Department of Justice