UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GERARDO GONZALEZ-VALENCIA,<br><br>　　　　　　Defendant. | CRIMINAL NO. 16-CR-065 (BAH) |

**DEFENDANT GERARDO GONZALEZ-VALENCIA'S MOTION IN LIMINE NO. 1 AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES: <u>PRECLUDE MENTION OF MONEY LAUNDERING CHARGE IN URUGUAY</u>**

NOW COMES, the Defendant, Gerardo Gonzalez-Valencia, by and through undersigned counsel, and respectfully moves this Court for an Order in limine precluding the Government from introducing any evidence of, eliciting any testimony regarding, or making direct or indirect reference to money laundering charges currently pending against Mr. Gonzalez-Valencia in Uruguay. Any such evidence is irrelevant to the issue of Mr. Gonzalez-Valencia's knowledge and intent to commit the indicted offenses and therefore inadmissible as substantive evidence against Mr. Gonzalez-Valencia pursuant to Rule 401 of the Federal Rules of Evidence (the "Rules").

Rule 401 defines evidence as relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence of an outstanding charge for money laundering against Mr. Gonzalez-Valencia in Uruguay does not have the tendency to make any facts more or less probably to prove Mr. Gonzalez-Valencia's knowledge or intent to commit the charged offenses in this case.

The Rules make clear that irrelevant evidence is inadmissible. Fed. R. Evid. 402.

And even if this evidence is somehow found to be minimally relevant, any possible probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The money laundering charge against Mr. Gonzalez-Valencia is not final. As such, allowing the Government to introduce any evidence concerning it would result in a trial within the trial to assess the credibility of the allegation, which would mislead the jury on the significance of a collateral matter with no bearing on the charges at issue here. Valuable court time will be wasted on evidence irrelevant to the offenses charged if the Government is able to offer evidence concerning the non-final Uruguayan charge.

Further, evidence of any other crime, wrong, or act is inadmissible if offered to prove a person's character in order to show that on a particular occasion that person acted in accordance with that perceived character trait. Fed. R. Evid. 404. Therefore, the Government may not introduce evidence of Mr. Gonzalez-Valencia's pending money laundering charge for the sole purpose of proving his character to the jury to show that he acted in accordance with that character on the occasions charged on the Indictment. There is no other reason for the Government to introduce this evidence, so the Court should preclude it in the first instance.

Based on the above, the Court should preclude the Government from introducing any evidence of Mr. Gonzalez-Valencia's pending money laundering case in Uruguay. Accordingly, Mr. Gonzalez-Valencia respectfully requests the Court issue an in limine ruling precluding the Government from introducing any evidence of, eliciting any testimony regarding, or making direct or indirect reference to this matter during the trial.

Dated: October 5, 2021

        Respectfully submitted,

        */s/ Stephen A. Best*

        **BROWN RUDNICK LLP**

        Stephen A. Best (DC Bar No. 428447)
        Tiffany B. Lietz (admitted *pro hac vice*)
        601 Thirteenth Street, NW
        Suite 600
        Washington, DC 20005
        Telephone: (202) 536-1737
        sbest@brownrudnick.com

        -and-

        **The L●S LAW FIRM**

        Lilly Ann Sanchez (admitted *pro hac vice*)
        Four Seasons Tower, Suite 1200
        1441 Brickell Avenue
        Miami, Florida 33131
        Telephone: (305) 503-5503
        lsanchez@thelsfirm.com

        *Counsel for Defendant Gerardo Gonzalez-Valencia*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I electronically filed the foregoing with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system. All participants registered through the Court's electronic filing system will be served by the CM/ECF system as required to be served by Federal Rule of Civil Procedure 5(a).

Dated: October 5, 2021

*/x/ Stephen A. Best*
Stephen A. Best
601 Thirteenth Street, NW
Suite 600
Washington, DC 20005
Telephone: (202) 536-1737
Facsimile: (202) 536-1701
sbest@brownrudnick.com

*Counsel for Defendant Gerardo Gonzalez-Valencia*
