UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 16-CR-065 |
| | ) |
| GERARDO GONZALEZ-VALENCIA, | ) |
|     also known as "Lalo," "Flaco," | ) |
| "Silver," "Silverio," "Eduardo," and | ) |
| "Laline," | ) |
| | ) |
|                         Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE
EVIDENCE AND MENTION OF THE 2009 SHARK INCIDENT**

The United States respectfully submits this Opposition to Defendant Gerardo Gonzalez Valencia's Motion to Exclude Evidence and Mention of the 2009 Shark Incident [Docket No. 33] ("Motion" or "Mot."). In his Motion, the Defendant seeks to preclude the government from introducing evidence at trial of the Defendant's involvement in a 2009 seizure of cocaine concealed in shark carcasses at a Mexican port, claiming that the government has not provided a chain of custody for the sharks or lab reports. But the foundation for evidence of the Defendant's participation in cocaine shipments concealed in shark carcasses will be laid by cooperating witnesses at trial, who will testify about their personal knowledge of his involvement, as well as their and the Defendant's awareness of the seizure. This information with be provided in the Jencks Act disclosures two weeks before trial. Therefore, the Defendant's Motion should be denied.

Federal Rule of Criminal Procedure 12 states that "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Court has inherent authority to exclude inadmissible or improperly prejudicial evidence before

1

the evidence is actually offered. *See United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). However, "the jury, not the judge, traditionally determines the reliability of evidence." *Perry v. New Hampshire*, 565 U.S. 228, 245 (2012).

At trial, the government intends to lay the foundation for evidence of the Defendant's participation in cocaine shipments concealed in shark carcasses through the testimony of cooperating witnesses, who will testify about their personal knowledge of the Defendant's involvement in the shipments and the method used for concealing and transporting the cocaine. This evidence is certainly relevant to the charged conspiracy to distribute cocaine for importation into the United States. *See* Fed. R. Evid. 401. The probative value of this evidence substantially outweighs risk of unfair prejudice. *See* Fed. R. Evid. 403. Furthermore, the outcome of other judicial proceedings related to the seizure in 2009 goes to the weight of the evidence, not to the admissibility of witness testimony. Defense counsel is free to cross examine witnesses at trial about the seizure, and about the Defendant's involvement more broadly in transporting cocaine concealed in shark carcasses. To the extent that the Defendant argues that the government should have provided additional physical evidence or more detail about the 2009 Shark Incident (which the government does not concede is the case), that argument would go to the weight, rather than the admissibility, of the testimony and evidence that the government does introduce concerning the Defendant's participation in smuggling cocaine concealed in shark carcasses.

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant's Motion in its entirety.

Respectfully submitted this 18th day of October, 2021.

           ARTHUR G. WYATT, Chief
           Narcotic and Dangerous Drug Section
           Criminal Division
           United States Department of Justice

By:   ___/s/_____
           Kaitlin Sahni, Trial Attorney
           Kate Naseef, Trial Attorney
           Brett Reynolds, Trial Attorney
           United States Department of Justice
           Narcotic and Dangerous Drug Section
           145 N Street, Northeast
           East Wing, Second Floor
           Washington, D.C. 20530
           (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Defendant, this 18th day of October, 2021.

By:    /s/
       Kaitlin Sahni
       Trial Attorney
       Narcotic and Dangerous Drug Section
       Criminal Division
       U.S. Department of Justice