**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. 16-CR-065 (BAH)** |
| **GERARDO GONZALEZ-VALENCIA,** | |
| **Defendant.** | |

**REPLY IN FURTHER SUPPORT OF DEFENDANT GERARDO GONZALEZ-VALENCIA'S MOTION TO DISMISS THE INDICTMENT FOR IMPROPER DUPLICITY**

Defendant Gerardo Gonzalez-Valencia respectfully submits this Reply in further support of his Motion to Dismiss the Indictment for Improper Duplicity (Doc. 36-2) ("Motion or "Mot.") pursuant to Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure.  The Government has improperly combined two separate conspiracies in its Indictment, thus the Indictment should be dismissed.

## I.   ARGUMENT

The Government's Opposition to Mr. Gonzalez-Valencia's Motion is a completely disingenuous attempt to rewrite history and combine two separate and distinct cartels into a single conspiracy.  In doing so, the Government plainly ignores the statements of its own department, which has repeatedly stated that the cartel involved in the alleged conspiracy was created in or around 2011.  For example, in its October 16, 2018 press release regarding the Cartel de Jalisco Nueva Generacion ("CJNG") and Mr. Gonzalez-Valencia, the Department of Justice stated, that CJNG was "[f]ounded in 2011."  Mot. Ex. D.  This fact is bolstered by statements of the lead DEA agent in the DOJ's investigation into CJNG and Mr. Gonzalez-Valencia, who explained that "[f]ollowing the arrest of the leader of the Millennium Cartel, the remaining members of the Cartel

dispersed into *two newly formed rival drug trafficking groups*: Cartel de Jalisco Nueva Generation [] and La Resistencia." Mot. Exh. A at 00000988-99 (emphasis added). Similarly, a 2020 Congressional Research Service Report explained that "the CJNG made its first appearance in 2011 with a roadside display of the bodies of 35 alleged members of Los Zetas." June S. Beittel, Congressional Research Serv., Mexico: Org, Crime and Drug Trafficking Org. 27 (Jul. 28. 2020).[1] The report further corroborates that CJNG was created based on a "split" from Sinaloa (of which the Millennium Cartel was part of) in 2010.[2] *Id.* at 17. "The CJNG has evidently battled against its former partner, Sinaloa, in a number of regions and has been deemed by several authorities to be Mexico's *new* most expansive cartel." *Id.* at 20.

The Government asserts that Mr. Gonzalez-Valencia's Motion is premature because it requires a review of the evidence presented at trial. Opp'n. at 2. However, the facts in this case are strikingly different than those that the Government cites in support of this proposition. Namely, the multiple conspiracies in this Indictment are not "the Defendant's view of the facts" to be disputed at trial. Opp'n at 1. Rather, as explained above, the facts Mr. Gonzalez-Valencia set forth establishing two separate conspiracies have been set forth by the Government itself. Despite the Government's best efforts, it cannot indict an individual on misrepresentations made to a grand jury regarding the scope of the charged conspiracy in the hopes that it can manipulate the scope to introduce additional evidence at a later date.

---

[1] In connection with his Motion, Mr. Gonzalez-Valencia respectfully requests this Honorable Court take judicial notice of the cited Congressional Research Service Report, attached herein as Exhibit A, on the grounds that it is "a government document[] available from a reliable source[]." *Democracy Forward Found. v. White House Off. of Am. Innovation*, 356 F. Supp. 3d 61, 68 n.2 (D.D.C. 2019).

[2] Mr. Gonzalez-Valencia notes that there is conflicting evidence among some news sources as to whether CJNG began in late 2010 or early 2011. However, Mr. Gonzalez-Valencia believes that the Government's decision to improperly combine the two conspiracies is a crafted attempt to introduce its only evidence of drug seizures, which occurred in 2007 and 2009. If the two conspiracies were properly charged, the first cartel, and this evidence, would be outside of the five-year statute of limitations period, regardless of whether the later cartel, CJNG, began in late 2010 or early 2011.

## II.  CONCLUSION

Based on the foregoing reasons, as well as those set forth in Mr. Gonzalez-Valencia's Motion, Mr. Gonzalez-Valencia respectfully requests this Court to take judicial notice of Congressional Research Service Report, attached as Exhibit A, and to dismiss the Indictment for improper duplicity.

Dated: October 25, 2021

Respectfully submitted,

/s/ Stephen A. Best

**BROWN RUDNICK LLP**

Stephen A. Best (DC Bar No. 428447)
Tiffany B. Lietz (admitted *pro hac vice*)
Brown Rudnick LLP
601 13th Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 536-1737
Email: sbest@brownrudnick.com

-and-

**The L●S LAW FIRM**
Lilly Ann Sanchez (admitted *pro hac vice*)
Four Seasons Tower, Suite 1200
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 503-5503
Email: lsanchez@thelsfirm.com

*Counsel for Defendant Gerardo Gonzalez-Valencia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2021, I electronically filed the foregoing document under seal with the Clerk of the U.S. District Court for the District of Columbia by using the CM/ECF system. All participants registered through the Court's electronic filing system will be served by electronic mail.

Date: October 25, 2021

<div style="margin-left: 40%;">

*/s/ Stephen A. Best*
Stephen A. Best
Brown Rudnick LLP
601 13th Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 536-1737
Email: sbest@brownrudnick.com

*Counsel for Defendant Gerardo Gonzalez-Valencia*

</div>