UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE GONZALEZ-VALENCIA &<br>GERARDO GONZALEZ-VALENCIA,<br><br>Defendants. | Criminal Case No. 16-65<br><br>Chief Judge Beryl A. Howell |

**ORDER**

This matter is before the Court on the government's classified *in camera, ex parte* under seal Motion to Delete and Substitute Information in Discovery Pursuant to the Classified Information Procedures Act ("CIPA") (hereinafter "government's motion), ECF No. 91. By its motion, the government requested that the Court, pursuant to CIPA Section 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an *in camera* and *ex parte* review of the government's motion and the accompanying declarations and exhibits; (2) authorize the government to withhold from discovery certain classified information and provide an unclassified summary substitution for certain classified information; and (3) order that the entire text of the government's motion and the accompanying declarations and exhibits, all of which are classified, shall not be disclosed to the defense and shall be sealed and preserved in the records of the Court to be made available during future review of these proceedings.

The Court has considered the government's motion and the declarations and exhibits filed therewith. Based on its consideration, the Court GRANTS the government's motion in its entirety.

The Court finds that the government's motion was properly filed *ex parte, in camera*, and under seal for this Court's review, pursuant to CIPA Section 4 and Fed. R. Crim. P. 16(d)(1).

1

On the basis of the Court's *ex parte, in camera* review of the government's motion and related documents, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege. The Court also finds that the "relevant and helpful" standard articulated in *United States v. Roviaro*, 353 U.S. 53 (1957) and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) applies to the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that, in applying the *Roviaro*/*Yunis* standard, the classified information referenced in the government's motion is not relevant and helpful to the defense. In addition, for the reasons set forth in the government's motion and related documents, the government has shown "good cause" for why this material should be deleted from discovery. *See* Fed. R. Crim. P. 16(d)(1).

The Court finds that the government's proposed summary of the classified information for substitution adequately protects the defendant's interests and may be provided to the defense in lieu of the underlying classified documents. *See United States v. Rezaq*, 134 F.3d 1121, 1142-43 (D.C. Cir. 1998) (approving district court's CIPA substitution rulings where "[n]o information was omitted from the substitutions that might have been helpful to Rezaq's defense"); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (approving substitution of unclassified summary in place of classified information).

Accordingly, IT IS ORDERED that the government is authorized to withhold from discovery to the defense the classified information specified in its motion, and to provide the unclassified summary substitution to the defense specified in its motion.

IT IS FURTHER ORDERED that the entire text of the government's motion, memorandum of points and authorities, and the accompanying materials shall not be disclosed to

the defense, and shall be sealed and maintained in a facility for the storage of such classified information by the Classified Information Security Officer as the designee of the clerk of the Court, in accordance with established security procedures, for review during future proceedings as appropriate, until further order of this Court.

**SO ORDERED**.

DATED: April 11, 2022

                                                                                            _____
BERYL A. HOWELL
Chief Judge