UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO.: 16-CR-065 |
| | ) |
| GERARDO GONZALEZ-VALENCIA, | ) |
|     also known as "Lalo," "Flaco," | ) |
|     "Silver," "Silverio," "Eduardo," and | ) |
|     "Laline," | ) |
| | ) |
|     Defendant. | ) |

**JOINT SUBMISSION REGARDING SENTENCING GUIDELINES**

    The United States and Defendant Gerardo Gonzalez-Valencia, through undersigned counsel, respectfully submit this filing regarding the Defendant's applicable Sentencing Guidelines. The Defendant is charged in the above-captioned matter with conspiracy to distribute five kilograms or more of cocaine knowing and intending that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(1), and 963 (hereinafter, the "narcotics case").[1] The Defendant is also charged with escape from an institution in which he was lawfully confined at the direction of the Attorney General, in violation of 18 U.S.C. § 751(a), in Case No. CR06-00106 in the U.S. District Court for the Northern District of California, which will be transferred to this District pursuant to Rule 20 of the Federal Rules of Criminal Procedure (hereinafter, the "escape case"). The Defendant is scheduled to plead guilty to both charges on December 22, 2022. In anticipation of the change of plea hearing, the parties submit their respective positions regarding the Defendant's applicable

---

[1] The Government will move to dismiss the methamphetamine aspect of the single count indictment in the narcotics case at the plea hearing.

guidelines range pursuant to the U.S. Sentencing Guidelines Manual (hereinafter, the "Sentencing Guidelines").

Although not binding on the Court or the U.S. Probation Office, the Government takes the position that the following base offense level and additional specific offense characteristic enhancements and adjustments apply to the narcotics case and will present evidence to support them at sentencing:

a. the Defendant is accountable for importation and distribution of cocaine, in the amount of 450 kilograms or more and that, pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a **38**;

b. the Defendant is accountable for the importation of a controlled substance under circumstances in which a semi-submersible, as defined in 18 U.S.C. § 2285, was used, pursuant to Section 2D1.1(b)(3)(B) of the Sentencing Guidelines, increasing the offense level by **2 levels**;

c. the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to Section 3B1.1 of the Sentencing Guidelines, increasing the offense level by **4 levels;**

d. the Defendant possessed a firearm, pursuant to Section 2D1.1(b)(1) of the Sentencing Guidelines, increasing the offense level by **2 levels**; and

e. the Defendant used violence, made a credible threat to use violence, or directed the use of violence, pursuant to Section 2D1.1(b)(2) of the Sentencing Guidelines, increasing the offense level by **2 levels**.

It is the government's position that the Defendant's conduct renders him ineligible for relief under the safety valve provision set forth in 18 U.S.C. § 3553(f) and Section 5C1.2 of the Sentencing Guidelines.

Assuming the Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through his allocution and subsequent conduct following his plea of guilty and prior to the imposition of sentence, the Government agrees that a **2-level** reduction would be appropriate, pursuant to Section 3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government agrees that an additional **1-level** reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, because the Defendant has assisted authorities by providing timely notice of his intention to enter pleas of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Based on a Criminal History Category III,[2] and assuming the 3-level reduction for timely acceptance of responsibility for purposes of this calculation, the Government's position is that the Defendant's applicable Guidelines range is life in prison.

---

[2] Pursuant to Section 4A1.1 of the Sentencing Guidelines, criminal history points are calculated as 3 points for a prior sentence of imprisonment exceeding one year and one month, plus 2 points for committing the offense while under escape status from his prior incarceration, which puts the Defendant in Category III of the Sentencing Table.

Although not binding on the Court or the U.S. Probation Office, the Defendant takes the position that the following base offense level and additional specific offense characteristic enhancements and adjustments apply to the narcotics case:

    a. The Defendant is accountable for the importation and distribution of cocaine, in the amount of between 150 and 450 kilograms, pursuant to Section 2D1.1(c) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which Defendant is pleading guilty is a **36**; and

    b. The Defendant is accountable for the importation of a controlled substance under circumstances in which a semi-submersible, as defined in 18 U.S.C. section 2285, was used pursuant to Section 2D1.1(b)(3)(B) of the Sentencing Guidelines, increasing the offense level by **2 levels.**

The Defendant takes the position that his criminal history puts him at a Criminal History Category II. The Defendant bases this position on the fact that in determining the appropriate Criminal History Category, the Defendant receives three points for pleading guilty to his prior 1998 drug-trafficking offense that resulted in a sentence of more than one year and one month and the Defendant was incarcerated for this offense within fifteen years of the alleged instant offense. *See* Section 4A1.2(e). These three points for the prior 1998 drug offense, however, would only raise his Criminal History Category from Category I to Category II. The Defendant understands that the Government is taking the position that Criminal History Category III applies because the Defendant should also receive two additional points for committing the offense while on escape status pursuant to Section 4A1.1(d). However, if the Court were to accept the Defendant's position that a base offense level with adjustments of level 35 is appropriate, moving the Defendant from Criminal History Category II to Category III would significantly

raise the applicable Sentencing Guideline range for Defendant from 188 months to 235 months for Category II, to 210 to 262 months for Category III.  Defendant argues that in circumstances where the Defendant in his early twenties left the halfway house a few months before the expiration of his sentence, it is grossly unfair that he should now have his sentencing guideline range for the current offense raised by more than two to three years.  Defendant argues that it is precisely this kind of severe disparity between the impact of the Criminal History Categories in the Sentencing Guidelines that caused the guidelines to be changed from mandatory to discretionary because in cases like this one, a formulaic approach to determining the Criminal History Category ignores key mitigating factors.  According to the Defendant, and assuming a 3-point reduction for timely acceptance of responsibility, the resulting Guidelines range would be 188 to 235 months.

Although not binding on the Court or the U.S. Probation Office, the parties agree that the following Sentencing Guideline calculations, at minimum, apply in the escape case:

    a.    The Defendant's custody or confinement was by virtue of a conviction, and therefore, pursuant to Section 2P1.1(a)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a **13**.

The Government takes the position that, with a Criminal History Category III and assuming a 2-point reduction for acceptance of responsibility, the Defendant's applicable guidelines range for the escape case would be 12 to 18 months.  The Defendant takes the position that, with a Criminal History Category I and assuming a 2-point reduction for acceptance of responsibility, the Defendant's applicable guidelines range for the escape case would be 8 to 14

months. The parties agree that the sentence for the escape case should run concurrently with the sentence for the narcotics case.

Respectfully submitted this 16th day of December, 2022.

| | |
|---|---|
|   /s/  <br>Stephen Best, Esq.<br>Brown Rudnick LLP<br>601 Thirteenth Street, NW<br>Suite 600<br>Washington, DC 20005<br>202-536-1732<br>sbest@brownrudnick.com<br><br>Lilly Ann Sanchez, Esq (admitted *pro hac vice*)<br>The LS Law Firm<br>Four Seasons Tower, Suite 1200<br>1441 Brickell Avenue<br>Miami, FL 33131<br>305-503-5503<br>lsanchez@thelsfirm.com<br><br>Counsel for the Defendant | ARTHUR G. WYATT, Chief<br>Narcotic and Dangerous Drug Section<br>Criminal Division<br>United States Department of Justice<br><br>  /s/  <br>Kaitlin Sahni<br>Acting Assistant Deptuty Chief<br>Kate Naseef<br>Kirk Handrich<br>Trial Attorneys<br>Narcotic and Dangerous Drug Section<br>Criminal Division<br>United States Department of Justice<br>Washington, D.C. 20530<br>202-514-0917<br>Kaitlin.Sahni@usdoj.gov<br><br>Counsel for the Government |