UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GERARDO GONZÁLEZ-VALENCIA,<br>    also known as "Lalo," "Flaco,"<br>    "Silver," "Silverio," "Eduardo," and<br>    "Laline,",<br><br>**Defendant.** | Criminal Action No. 16-cr-65<br><br>Chief Judge Beryl A. Howell |

**UNCLASSIFIED ORDER PURSUANT TO SECTION 4 OF THE
CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(D)(l) OF
THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The MATTER IS BEFORE THE Court on the government's classified, *in camera*, *ex parte*, under seal Supplemental Motion for an Order Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") (hereinafter "government's motion"). By its motion the government requested that the Court, pursuant to CIPA Section 4, Federal Rule of Criminal Procedure 16(d)(l), and the applicable law (1) conduct an *in camera* and *ex parte* review of the government's motion and the accompanying declaration; (2) authorize the government to substitute summaries of classified information and delete other classified information from discovery; and (3) order that the entire text of the government's motion and the accompanying declaration and exhibits not be disclosed to the defense and that they shall be sealed and preserved in the records of the Court, to be made available during future review of these proceedings.

The Court has considered the government's motion and the attached declarations. Based on its consideration, the Court GRANTS the government's motion in its entirety.

1

The Court finds that the government's motion was properly filed *ex parte* and *in camera*, under seal, pursuant to CIPA Section 4 and Federal Rule of Criminal Procedure 16 (d)(l).

On the basis of the Court's review of the government's motion and the attached declarations, the Court finds that the classified information referenced in the government's motion is indeed classified and implicates the government's national security and classified information privilege. The Court also finds that the "relevant and helpful" standard articulated in *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989), applies to the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege.

The Court finds that the government's proposed unclassified summaries of the classified information for substitution adequately protects defendant's interests and may be provided to the defense in lieu of the underlying classified material. *See United States v. Rezaq*, 134 F.3d 1121, 1142–43 (D.C. Cir. 1998) (approving district court's CIPA substitution rulings where "[n]o information was omitted from the substitutions that might have been helpful to Rezaq's defense"); *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (approving substitution of unclassified summary in place of classified information).

Accordingly, IT IS ORDERED that the government is authorized to withhold from discovery to the defense the classified information, and to provide the unclassified summary substitutions to the defense, as specified in its motion.

IT IS FURTHER ORDERED that the entire text of the government's motion and the accompanying declarations not be disclosed to the defense and that they shall be sealed and preserved in the records of the Court, to be made available during future review of these proceedings.

SO ORDERED, this \_\_\_\_\_20th\_\_\_\_\_ day of \_\_\_\_\_March\_\_\_\_\_ 2023.

                                              _____
                                              BERYL A. HOWELL
                                              Chief Judge