# **EXHIBIT 1**



U.S. Department of Justice

Criminal Division

*Narcotic and Dangerous Drug Section*     Washington, D.C. 20530

April 12, 2022

**VIA Electronic Mail**

Stephen A. Best
Brown Rudnick, LLP
601 Thirteenth Street, NW
Suite 600
Washington, DC 20005

Lilly Ann Sanchez
Four Seasons Tower
Suite 1200
1441 Brickell Avenue
Miami, FL 33131

Re:  **United States v. Gerardo Gonzalez Valencia**
     **Criminal No. 16-CR-065 (BAH)**

Dear Counsel:

The Government is disclosing the following information as it is potentially discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure and the Government's obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963):

> In late October 2015, the Government obtained an assessment, based on information from sources unknown to the Government, that the Los Cuinis drug trafficking organization, made up of the Gonzalez Valencia siblings, was the financial arm of the Cartel de Jalisco Nueva Generacion (CJNG), but was not directly involved in the production, movement, or distribution of drugs. According to the assessment, Los Cuinis laundered money for CJNG and provided CJNG with funds that were used to purchase weapons, pay for logistical support, and recruit former paramilitary personnel to provide guerilla warfare training, which enabled CJNG to expand its drug trafficking activities. According to the assessment, CJNG attempted to distance the CJNG's drug trafficking activities from Los Cuinis to protect the drug trafficking organization and the family's fortune. The Government has information that not all of the Gonzalez Valencia siblings were involved in illicit activities.

The Government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The Government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who will testify at trial for the Government. The Government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

If at any time the Government no longer intends to call at trial the confidential informant or informants who provided the information summarized herein, at that time the Government will disclose their identities to the defendant. See United States v. Glover, 583 F. Supp. 2d 5, 12 (D.D.C. 2008); United States v. Holland, 41 F. Supp. 3d 82, 104 (D.D.C. 2014); United States v. Ferguson, 498 F.2d 1001, 1003-05 (D.C. Cir. 1974).

The Defendant's Required Disclosures

The Government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The Government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the Government no later than the commencement of trial.

The Government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

> Very truly yours,
>
> ARTHUR G. WYATT, Chief
> Narcotic and Dangerous Drug Section
> U.S. Department of Justice
> Washington, D.C. 20530
>
>   /s/  _____
> Kaitlin Sahni
> Kate Naseef
> Kirk Handrich
> Trial Attorneys