# **EXHIBIT T**

109



Vista Nº: 613

Juzgado Letrado de Primera Instancia en lo Penal Especializado en Crimen Organizado de 1º Turno.
Ficha: IUE 474-76/2016 "GONZALEZ VALENCIA, Gerardo. EXTRADICION"

//ñora Juez Subrogante:

**1.-** Con fecha 1.6.2016 fue recibida en la Suprema Corte de Justicia la Nota Nº 125 procedente de la Embajada de Estados Unidos de América acompañado de actuaciones y traducción, en relación a los autos caratulados: "EXTRADICION DE GERARDO GONZALEZ VALENCIA".

Nancy Larroca se comunicó al Juzgado de Crimen Organizado de 1º Turno, siendo informada por la Actuaria Esc. Olid que González – Valencia iba a estar arrestado por mucho tiempo y que se tenía conocimiento de la solicitud de Extradición de parte de los Estados Unidos de América.

Con fecha 15 de junio de 2016 por mandato verbal la Suprema Corte de Justicia dispuso que se cumpliera lo dispuesto con fecha 7 de junio a fs. 101 vto., esto es remitir las actuaciones al Juzgado de Primera Instancia en lo Penal Especializado en Crimen Organizado de 1º Turno, oficiándose, las que fueron recibidas con fecha 16.6.2016.

**2.-** Con fecha 22.6.2016, fueron recibido el presente en Fiscalía con pase en vista.

Respecto de la recepción del pedido de Extradición

00054284

de **Gerardo GONZALEZ VALENCIA**, cabe consignar:

Rige estas actuaciones el Tratado bilateral vigente entre los Estados Unidos de América y la República Oriental del Uruguay, ratificado por la Ley 15.476 el cual entró en vigor el 26.10.1983.

Controlados los extremos requeridos por dicho Tratado se puede afirmar que la presente Extradición cumple con los requisitos formales requeridos salvo por lo que se dirá:

**a)** Respecto de los delitos cometidos, el art. 11 de la ley 18.494 incluye a los delitos establecidos en el DL 14.394, los precedentes de los tipificados en los arts. 54 a 57 de ese Decreto Ley y los establecidos por la ley 17.835 de 23.9.2004, sin perjuicio de lo dispuesto en el art. 17 del Tratado. Se cumple lo dispuesto en el art. 13 del Código Penal.

**b)** También lo establecido en el art. 8 así como las formalidades requeridas para aceptar la solicitud de extradición previstas en el art. 10, encuadrando además esta situación en lo dispuesto en el art. 8, en tanto Gonzalez Valencia se encuentra procesado en nuestro país por un delito de "Lavado de Activos".

**c)** Respecto de la pena a cumplir, existe una diferencia que **deberá ser respetada por el estado requirente a efectos de que se de cabal curso a la petición de Extradición**.

Surge de fs. 62, nal. 18 de la solicitud de Extradición, que "<u>La pena máxima par una violación del Cargo Uno de la acusación es la privación de libertad a perpetuidad</u>, ...".

En nuestro país <u>no está prevista la privación de libertad a perpetuidad o cadena perpetua</u>. Es así que nuestra legislación prevé en el art 66 del Código Penal que son penas

00054285

principales: *"Penitenciaria..."* y el art. 68 "ejusdem" establece la duración de la pena de penitenciaría, dice la ley: *"La pena de penitenciaría durará de dos a <u>treinta años</u>"*. Y el art. 92 "ejusdem" dispone respecto de las medidas de seguridad: *"**Las medidas de seguridad** son de cuatro clases: curativa, educativas, <u>eliminativas</u> y preventivas....las terceras, (se aplican) **a los delincuentes habituales ... y a los violadores u homicidas que por la excepcional gravedad del hecho, derivada de la naturaleza de los móviles, de la forma de ejecución, de los antecedentes y demás y demás circunstancias afines, denuncien una gran peligrosidad"*.

Y el art. 95 del Código Penal establece la duración máxima de las medidas eliminativas descriptas "supra", <u>como máximo *"quince"* años</u>.

Por tanto el país requirente deberá acoger como pena la mayor prevista en nuestro derecho es decir: 30 años de penitenciaría y 15 años más de medidas eliminativas, en su caso, si correspondieren. Sumando un total de **45 años.** Ello en tanto en nuestro país la duración de las penas son consideradas de orden público.

Por lo expuesto la Fiscalía solicita:

1) Se acceda al trámite de la Extradición de **Gerardo GONZALEZ VALENCIA**, según se requiere por los Estados Unidos de América con la salvedad de que la pena máxima a aplicarse es de 45 años, en tanto no se admite en nuestro derecho pena de privación de libertad a perpetuidad.

2) Se cite a declarar dentro del plazo de 24 horas que establece el art. 16 de la Constitución de la República, al recluso cuya extradición se requiere, debidamente asistido, para imponerle la solicitud del país requirente, muy

especialmente si acepta ser extraditado, hecho sobre el cual manifestara en audiencia que estaría dispuesto a allanarse.

3) Se forme pieza con las actuaciones de Gerardo GONZALEZ VALENCIA, a efectos de agilizar el trámite en caso de que el mismo se allane a la Extradición. Se tiene presente además, que en tanto está vigente la Convención Interamericana para el cumplimiento de condenas penales en el extranjero, existe la posibilidad que una vez que el encausado sea condenado pueda cumplir pena en el país requirente.

4) Se agregue por cordón a la pieza principal un testimonio de la solicitud de Extradición del encausado Gerardo Gonzalez Valencia. (MAC)

Montevideo, 23 de junio de 2016.

Dra. María de los Ángeles Camiño Moreno
Fiscal Letrado Nacional de lo Penal
Especializado en Crimen Organizado de 2º Turno

Protected Material



[logo:] FEDERAL Attorney General's Office

**Review No.: [hw:]** *613*
**First Instance Criminal Law Court Specialized in Organized Crime of the 1st Panel.**
**File: IUE 474-76/2016 "GONZALEZ VALENCIA, Gerardo. EXTRADITION"**

//dam Acting Judge:

**1.-** On 6/1/2016, Note No. 125 was received at the Supreme Court of Justice from the Embassy of the United States of America accompanied by actions and translation, in relation to the proceedings entitled: "EXTRADITION DE GERARDO GONZALEZ VALENCIA."

Nancy Larroca contacted the 1st Panel Organized Crime Court, being informed by the Esc Act. Olid that González - Valencia was going to be arrested for a long time and that he was aware of the petition for Extradition from the United States of America.

On June 15, 2016, by verbal order, the Supreme Court of Justice ordered that the provisions of June 7 on page 101 be complied with, that is, to send the proceedings to the First Instance Criminal Court Specialized in Organized Crime of the 1st Panel, giving notice that they were received on 6/16/2016.

**2.-** On 6/22/2016, this was received at the Attorney General's Office and passed in review.

Regarding the receipt of the Extradition order for **Gerardo GONZALEZ VALENCIA,** it is worth noting.

These proceedings are governed by the bilateral Treaty in force between the United States of America and the Oriental

[hw:] *110*

Republic of Uruguay, ratified by Law 15,476, which entered into force on 10/26/1983.

Having controlled the facts required by said Treaty, it can be affirmed that this Extradition complies with the formal requirements required except for what will be said:

**a)** With regard to the offenses committed, Art. 11 of Law 18,494 includes the offenses established in Decree Law 14,394, the precedents of those classified in Arts. 54 to 57 of that Decree Law and those established by Law 17,835 of 9/23/2004, without prejudice to the provisions of Art. 17 of the Treaty. The provisions of Article 13 of the Criminal Code are satisfied.

**b)** As well as what is set forth in the provisions of Art. 8 as well as the formalities required to accept the petition for extradition provided for in Art. 10, also framing this situation in the provisions of Art. 8, while Gonzalez Valencia is prosecuted in our country for a crime of "Money Laundering".

**c)** With respect to the penalty to be served, there is a difference that **must be respected by the petitioning state in order for the request for Extradition to be fully carried out.**

It states on page 62, section 18 of the petition for Extradition, that *the maximum penalty for a violation of Charge One of the indictment is the deprivation of freedom in perpetuity, ...".*

In our country, the deprivation of freedom in perpetuity or life imprisonment is not foreseen. Thus, our legislation provides in Article 66 of the Criminal Code that the main penalties are: **"Penitentiary..."** and Art. 68 "of the same" establishes the duration of the prison sentence, the law says: **"The prison sentence will last from two to thirty years."** And Art. 92 "of the same" provides with respect to security measures: **"The security**

[hw:] *111*

***measures** consist of four classes: curative, educational, <u>elimination</u> and preventive...the third ones, (apply) **to habitual criminals ... and to rapists or murderers who, due to the exceptional severity of the fact, derived from the nature of the motives, the form of execution, the background and so on and other related circumstances, report a great danger."***

And Art. 95 of the Criminal Code establishes the maximum duration of the elimination measures described "above", <u>at most</u> **"fifteen"** years.

Therefore, the petitioning country must accept as a penalty the longest provided for in our law, that is: 30 years of prison and 15 more years of probationary measures, if applicable. Totaling **45 years.** This, while in our country, the duration of the penalties is considered public order.

Based on the foregoing, the Attorney General's Office requests:

1) The process of the Extradition of **Gerardo GONZALEZ VALENCIA is carried out,** as requested by the United States of America with the exception that the maximum penalty to be applied is 45 years, as it is not admitted in our law to deprive an individual of freedom in perpetuity.

2) The inmate whose extradition is petitioned, duly represented by a lawyer, to impose on him the request of the petitioning country, especially if he agrees to be extradited, on which he stated at a hearing that he would be willing to agree, is summoned to declare within the 24-hour period established by Art. 16 of the Constitution of the Republic.

3) It forms part of the actions of Gerardo GONZALEZ VALENCIA, for the purpose of speeding up the procedure in the event that it is brought to the Extradition. It is also taken

[hw:] *112*

into account that while the Inter-American Convention on Serving Criminal Sentences Abroad is in force, there is a possibility that once the defendant is convicted, he may be punishable in the petitioning country.

    4) A testimony of the request for Extradition of the accused Gerardo Gonzalez Valencia is added by agreement to the main piece. **(MAC)**

    Montevideo, June 23, 2016.

[signature]
**Dr. Maria de los Angeles Camiño Moreno**
**National Criminal Attorney General**
**Specialized in 2nd Shift Organized Crime.**

Protected Material

00054287



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**00054284-00054287**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Dan McCourt

Sworn to before me this
June 29, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE