**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 16-CR-065 (BAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **GERARDO GONZALEZ-VALENCIA,** | : | |
| | : | |
| also known as "Lalo," "Flaco," | : | |
| "Silver," "Silverio," "Eduardo," and | : | |
| "Laline," | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE**

The United States of America, by and through the Chief of the Money Laundering, Narcotics and Forfeiture Section of the Criminal Division, United States Department of Justice, seeks to notify this Court of a request by Milenio, a Mexican news outlet, for wiretap evidence that was presented during the May 2023 contested sentencing hearing of Defendant Gerardo Gonzalez-Valencia, and the Government's intention to provide Milenio with the requested evidence.

All of the requested wiretap evidence was presented during the May 2023 contested sentencing hearing in this matter, which was open to the public. The following wiretap exhibits responsive to Milenio's request were admitted into the record: Government Exhibits 9 through 23, 49, and 85 (intercepted communications with accompanying English translations); Government Exhibits 25 through 35 (intercepted photographs); and Defense Exhibit 30 (intercepted photograph). The Court also granted permission to publish many of these admitted exhibits during the hearing without objection from either party. *See* 5/2/2023 Hr'g Tr. 29:11–15; 5/3/2023 Hr'g

Tr. 113:1–8.  Accordingly, the requested wiretap evidence is in the public record, and any privacy interest in that evidence has been extinguished.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III") provides comprehensive regulation on the disclosure of wiretap evidence, *see* 18 U.S.C. § 2517, and a civil cause of action for the improper disclosure of intercepted communications, 18 U.S.C. § 2520. All the requested wiretap evidence was properly disclosed to the public record during the contest sentencing pursuant to 18 U.S.C. § 2517(3).  Therefore, further dissemination of the publicly available evidence is not an improper disclosure. Nevertheless, as at least one circuit court has noted, Title III's disclosure provisions, "[are] not a model of clarity," *Flemming v. United States*, 547 F.2d 872, 873 (5th Cir. 1977), and "construction of the Wiretap Act is fraught with trip wires." *Forsyth v. Barr*, 19 F.3d 1527, 1542–43 (5th Cir. 1994).  Therefore, out of an abundance of caution, the Government hereby informs the Court of its intention to provide this evidence to Milenio.

However, if the Court determines and advises the parties that providing the requested evidence to a media outlet constitutes an improper disclosure of wiretap evidence, the Government will refrain from providing the evidence to Milenio.  The undersigned counsel has consulted with counsel of record for the Defendant, and they defer to the Court.

Respectfully Submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
United States Department of Justice

By:      */s/Douglas Meisel*
Douglas Meisel
Trial Attorney

2

Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Tel.:    (202) 598-2281
Email:  douglas.meisel@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Defendant, this 30th day of June, 2026.

By:    /s/ *Douglas Meisel*
Douglas Meisel
Trial Attorney
Money Laundering, Narcotics and
Forfeiture Section
Criminal Division
U.S. Department of Justice